# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THERESA ANN ELA,

    Plaintiff,

v.                                        Case No: 6:13-cv-491-Orl-28KRS

KATHLEEN DESTEFANO, JERRY L.
DEMINGS, JOHN DOES 1-30, JANE
DOES 1-30 and ORANGE COUNTY,
SHERIFF DEPARTMENT,

    Defendants.

# ORDER

Plaintiff, Theresa Ann Ela,[1] sues Defendants for alleged unlawful access of her driver's license information. This case is before the Court on a Motion for Partial Summary Judgment (Doc. 107) filed by Defendant Kathleen Destefano, a/k/a Kathleen Ela ("Movant"). The Court has considered the motion, Plaintiff's Response (Doc. 110), and Movant's Reply (Doc. 112). Because Movant has not shown that she is entitled to judgment as a matter of law, the motion must be denied.

## I.    Background

Movant is a law enforcement officer with the Orange County Sheriff's Office. (Movant Dep., Doc. 108-3, at 10-14).[2] She is married to Dennis Ela ("Dennis"), who was

---

[1] Since Plaintiff filed this lawsuit, her last name changed from Ela to LaBree. (Pl. Dep., Doc. 108-1, at 4-5).

[2] The page numbers of depositions refer to the individual pages of the deposition transcript, not the pages of the document on the docket.

formerly married to Plaintiff. (Id. at 8-9). Movant admitted that she accessed DAVID—a law enforcement database that provides information about individuals, including photographs, addresses, vehicle information, and emergency contacts, (id. at 47 & 62)—through her laptop computer in her patrol car over eighty times to search for information regarding Plaintiff, (Doc. 109-2 at 8-9; Movant Dep. at 45 & 57-59). Records indicate that she performed such searches at least 170 times between January 1, 2010, and September 30, 2011. (See Doc. 109-2 at 25; Doc. 109-3 at 1-5). Movant also searched for Plaintiff on the National Crime Information Center, which provides criminal history information. (Movant Dep. at 62-63; Doc. 109-2 at 25-26). Movant stated that she has no explanation regarding why she looked up this information.[3] (Movant Dep. at 21-22, 64, & 70). Additionally, when she looked up Plaintiff's information, Movant knew that her conduct was improper. (See id. at 46).

In 2011, Plaintiff was engaged in litigation against Jeffrey Boebinger in family court,[4] when Boebinger submitted detailed information about Plaintiff's automobile. (Pl. Dep., Doc. 108-1, at 93-94). Plaintiff suspected that the information had been provided to Boebinger by Dennis or Movant, and she filed a public records request with the Florida Department of Law Enforcement ("FDLE") regarding her DAVID records.[5] (Id. at 97-98).

---

[3] Movant testified she once ran the tags of a car that belonged to Plaintiff for a proper law enforcement purpose. (Movant Dep. at 42-43). Other than that instance, Movant admits that she searched for Plaintiff in the databases for an improper purpose.

[4] Plaintiff has been married four times. Boebinger was her second husband, and Dennis was her third. (Pl. Dep. at 7-10).

[5] Movant attests that she did not use the information she obtained, (see Movant Dep. at 67), and Boebinger states that he did not receive any information about Plaintiff's vehicle from Movant, (Boebinger Dep., Doc. 108-4, at 14-21).

---

In October 2011, Plaintiff received a report from FDLE stating that Movant had accessed her DAVID records. (Id. at 124). As a result of Movant's conduct, the Sheriff's Office disciplined her for misuse of authority by suspending her for sixty hours without pay—which were deducted from her vacation time—and by placing her on six months of disciplinary probation. (Doc. 109-2 at 8-9; see also Movant Dep. at 20).

Based on these circumstances, Plaintiff sued Movant and several other Defendants. (Compl., Doc. 1). The Court dismissed the case in part. (Doc. 80). Plaintiff then amended the Complaint to bring counts against Movant under the Driver's Privacy Protection Act ("the DPPA")[6] (Count I) and 42 U.S.C. §1983 (Count II); against Defendant Jerry L. Demings under § 1983 (Count III); and against Orange County, Sheriff Department[7] under § 1983 (Count IV) and the DPPA (Count V). (First Am. Compl., Doc. 82). Movant then filed the motion for partial summary judgment (Doc. 107) currently before the Court.

## II.  Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). That burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

In ruling on a motion for summary judgment, a court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, and it

---

[6] 18 U.S.C. §§ 2721-2725.

[7] As noted previously in this case, the entity "Orange County, Sheriff Department" does not exist. (Order, Doc. 116, at 2).

may not weigh evidence or determine credibility. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III. Analysis

Movant asserts three bases for her motion for partial summary judgment: 1) Plaintiff cannot establish that Movant disclosed or used Plaintiff's personal information; 2) liquidated damages should be limited to a single $2,500 award; and 3) there is no evidence to support the claim that Movant obtained Plaintiff's personal information before January 1, 2010, or after September 2011, as alleged in the Amended Complaint. (Doc. 107 at 7-12). Each of these contentions is addressed in turn.

### A. Disclosure and Use

Movant first asserts that she is entitled to partial summary judgment on Plaintiff's DPPA claim because Plaintiff cannot prove that she disclosed or used her personal information.[8] (Doc. 107 at 7-8). Plaintiff responds that Movant is not entitled to summary judgment because all that is required for liability is proven access of her information in violation of the DPPA. (Doc. 110 at 4). In her Reply, Movant clarifies that she "only seeks partial summary judgment regarding liability on the Plaintiff's claims that [Movant] used or disclosed the Plaintiff's personal information." (Doc. 112 at 1-2).

---

[8] Movant inexplicably argues that "[a]ssuming arguendo the evidence of record in this case showed that Defendant, Kathleen Ela, disclosed the Plaintiff's vehicle information to someone, such a disclosure would not be a violation of the D.P.P.A." (Doc. 107 at 7). This assertion is incorrect under the statute.

4

The DPPA provides for a civil action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a); see also Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1111 (11th Cir. 2008). Notably, this provides for liability in the disjunctive—an individual is liable if he or she knowingly obtains, discloses, or uses personal information. Movant admitted that she obtained Plaintiff's personal information, which can constitute a violation of the DPPA. She will not be granted summary judgment as to this issue.

### B.    Liquidated Damages

Movant next argues that she is entitled to partial summary judgment on the issue of damages. She argues that if Plaintiff elects to pursue liquidated damages instead of actual damages, the Court should limit her recovery "to a single award of $2,500 in liquidated damages because: (1) the D.P.P.A. does not authorize cumulative liquidated damages awards; and (2) even assuming that the D.P.P.A. does permit cumulative awards, the Court should exercise its discretion to limit the award to a single recovery given the particular facts of this case." (Doc. 107 at 2 & 8). Regarding the second argument, Movant argues that there is no evidence that she ever used or disclosed Plaintiff's information, so it would be proper for the Court to limit her damages. (Id. at 11). In response, Plaintiff argues that a cumulative liquidated damages award is contemplated by the DPPA and is proper in this case. (Doc. 110 at 6-7).

As a remedy for a violation of the DPPA, "[t]he court may award . . . actual damages, but not less than liquidated damages in the amount of $2,500." 18 U.S.C. § 2724(b)(1). "A plaintiff need not prove a measure of actual damages to recover liquidated damages under the DPPA . . . ." Kehoe v. Fid. Fed. Bank & Trust, 421 F.3d 1209, 1212 (11th Cir.

5

2005). Liquidated damages under the statute serve as a "substitute for the potentially uncertain and unmeasurable actual damages of a privacy violation." Id. at 1213. In awarding damages, "the district court, in its discretion, may fashion what it deems to be an appropriate award," considering the other forms of relief available under § 2724(b). Id. at 1217.

After considering the arguments and authority cited by the parties as well as conducting its own research, the Court cannot conclude that the statute forecloses liquidated damages awards for each violation of the DPPA. See Pichler v. UNITE, 542 F.3d 380, 394 (3d Cir. 2008). Additionally, the Court will not exercise its discretion at this time to limit Movant's potential damages. Accordingly, Movant's motion for partial summary judgment must be denied to the extent that she requests the Court to limit her potential liquidated damages to a single $2,500 award.

### C. Dates

Finally, Movant argues that she is entitled to partial summary judgment based on the allegation in the Amended Complaint that she accessed Plaintiff's personal information between January 1, 2010 and September 2011, and "probably more times before and after that time period." (Doc. 107 at 12 (quotation marks omitted)). According to Movant, "[t]here is a complete lack of evidence to support the claim that the Defendant, Kathleen Ela, obtained the Plaintiff's personal information 'more times before and after' the alleged time period." (Id.). Plaintiff responds that she recently received a certified copy of a report establishing that Movant violated the DPPA "16 times outside of the time frame" set forth in the Amended Complaint. (Doc. 110 at 7). In her Reply, Movant appears to concede that Plaintiff has established that her records were run after the time alleged in the

6

Complaint, but Movant argues that Plaintiff has not established that they were run before January 1, 2010. (See Doc. 112 at 3).

The Court will not grant partial summary judgment for Movant as to this issue. Plaintiff must prove the violations of the DPPA and she may present evidence at trial regarding the dates of the alleged conduct.

## IV. Conclusion

Movant has failed to show that there is no genuine dispute as to any material fact or that she is entitled to judgment as a matter of law. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Movant's motion for partial summary judgment (Doc. 107) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 3, 2015.

                                          JOHN ANTOON II
                                          United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties