UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THERESA ANN ELA,**

      **Plaintiff,**

v.                                                          Case No: 6:13-cv-491-JA-DCI

**KATHLEEN DESTEFANO, JERRY L.
DEMINGS, JOHN DOES 1-30, JANE
DOES 1-30 and ORANGE COUNTY,
SHERIFF DEPARTMENT,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Motion for Writ of Garnishment (Doc. 245) |
| **FILED:** | December 2, 2022 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Theresa Ann Ela (Plaintiff) sued Kathleen Destefano (Defendant), an Orange County Sheriff's Deputy, for improperly accessing and viewing her private information on Florida driver's license databases. Following a jury trial, the Court granted Plaintiff's motion for judgment as a matter of law and held Defendant liable under the Driver's Privacy Protection Act. The Court awarded liquidated damages and attorney fees.

On March 8, 2016, the Court entered the Second Amended Judgment providing, in relevant part, that Plaintiff recover $22,106.44 from Defendant.[1]  Plaintiff appealed, and the Eleventh Circuit Court of Appeals found that the Court "did not abuse its discretion in shaping a damages award appropriate for the facts of this case" but found the Court erred in calculating the attorney fee award.  Doc. 223.  The case was remanded, and Plaintiff filed a renewed motion for costs to include reasonable attorney fees.  Doc. 224.  By Order dated March 27, 2018, the Court adopted a report and recommendation and awarded Plaintiff attorney fees in the amount of $24,085.70 and litigation expenses and costs in the amount of $4,277.44.  Doc. 234 at 4.  The Court directed the Clerk of Court to enter judgment in Plaintiff's favor in that amount.  *Id*.  Judgment was entered. Doc. 235.

Pending before the Court is Plaintiff's Motion for Writ of Garnishment.  Doc. 245 (the Motion).[2] Plaintiff states that Defendant has not satisfied any portion of the judgment and "holds money or HAS GAINFUL EMPLOYMENT WITH ABILITIES TO MAKE PAYMENTS to sufficiently satisfy the judgment in whole or in part."  *Id*. at 1 (emphasis in the original). Plaintiff states that she has the right to recover from Defendant the sum of $22,106.44 and interest in the amount of more than $7,222.77. Id. at 2.  Plaintiff requests that the Court issue a "Writ of Garnishment as to [Defendant], as Garnishee."  *Id*.

---

[1] The amount includes $15,379 for attorney fees, $4,227.44 in costs, and $2,500 in liquidated damages.  Doc. 223 at 4.

[2] The Court denied Plaintiff's first motion for writ of garnishment pursuant to Local Rule 2.02(b)(2).  Doc. 242.

The Motion is due to be denied. As an initial matter, the entirety of Plaintiff's analysis and citation to authority in support of the request is "[p]ost-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor." Doc. 1. In support of this sentence, Plaintiff cites to some cases and Florida Statutes section 77.04 but does not otherwise include a sufficient memorandum of authority in compliance with Local Rule 3.01(a) to support the request for relief. The Motion is denied on that basis alone.

Further, even if the Motion included an appropriate memorandum, it appears that Plaintiff's request for writ directly against Defendant is not available through Florida law. Pursuant to Fed. R. Civ. P. 69(a), "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under Florida law, garnishment is governed by Fla. Stat. § 77.01, *et. seq.* The statute provides:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

Fla. Stat. § 77.01.

Accordingly, as another Court in this District stated, "[i]n looking at the garnishment statute, Florida courts have noted that Fla. Stat. § 77.01 'allows garnishment only of any debt due to defendant by a third person.'" *Rossi v. Billmyre*, 2017 WL 3131103, at *2 (M.D. Fla. July 24, 2017) (citing *Tomlin v. Anderson*, 413 So. 2d 79, 82 (Fla. 5th Dist. Ct. App. 1982) (internal quotations omitted)). Since Plaintiff claims that the debt due is directly from Defendant and not

due to Defendant by a third party, it seems the Florida law does not support the request for the writ. Plaintiff points to nothing related to a third party for the Court to garnish and relies solely on her unsupported allegation that Defendant has the money or employment to make the payment. *See* Doc. 245 at 1. Without a memorandum of law supporting a finding to the contrary, the Court declines to grant the request.

In addition to the substantive issues, Plaintiff does not include a proposed writ of garnishment for the Court's review. Plaintiff has also failed to include a "Notice to Defendant" for the Clerk to issue along with the writ as Fla. Stat. § 77.041(1) requires. Accordingly, the Motion does not comply with the Florida procedure for seeking the relief at issue. *See Rossi*, 2017 WL 3131103, at *3 (finding that the motion was deficient and due to denied because it did not include a proposed writ of garnishment for the court's review); *Odes v. Harris*, 2018 WL 3109622, at *1 (S.D. Fla. May 17, 2018) (denying motion for issuance of a continuing writ where the plaintiffs did not include a notice to defendant for the clerk to issue.).

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 245) is **DENIED**.

**ORDERED** in Orlando, Florida on December 20, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties