## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**THERESA ANN ELA,**

      **Plaintiff,**

**v.**                                                                 **Case No: 6:13-cv-491-JA-DCI**

**KATHLEEN DESTEFANO, JERRY L.
DEMINGS, JOHN DOES 1-30, JANE
DOES 1-30 and ORANGE COUNTY,
SHERIFF DEPARTMENT,**

      **Defendants.**

_____

### ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Writ of Garnishment (Doc. 252)** |
| **FILED:** | **March 15, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Theresa Ann Ela (Plaintiff) sued Kathleen Ela aka Kathleen Destefano (Defendant Ela), an Orange County Sheriff's Deputy, for improperly accessing and viewing her private information on Florida driver's license databases. Following a jury trial, the Court granted Plaintiff's motion for judgment as a matter of law and held Defendant liable under the Driver's Privacy Protection Act. The Court awarded liquidated damages and attorney fees.

On March 8, 2016, the Court entered the Second Amended Judgment providing, in relevant part, that Plaintiff recover $22,106.44 from Defendant.[1]  Plaintiff appealed, and the Eleventh Circuit Court of Appeals found that the Court "did not abuse its discretion in shaping a damages award appropriate for the facts of this case" but found the Court erred in calculating the attorney fee award.  Doc. 223.  The case was remanded, and Plaintiff filed a renewed motion for costs to include reasonable attorney fees.  Doc. 224.  By Order dated March 27, 2018, the Court adopted a report and recommendation and awarded Plaintiff attorney fees in the amount of $24,085.70 and litigation expenses and costs in the amount of $4,277.44.  Doc. 234 at 4.  The Court directed the Clerk of Court to enter judgment in Plaintiff's favor in that amount.  *Id*.  Judgment was entered. Doc. 235.

Pending before the Court is Plaintiff's Third Motion for Writ of Garnishment.  Doc. 252 (the Motion).[2]  Plaintiff moves for a writ of garnishment against Defendant Ela's salary or wages pursuant to Florida Statute section 77.0305.  *Id*.  Plaintiff "suggest[s] that the GARNISHEE, ORANGE COUNTY SHERIFF OFFICE, is the EMPLOYER of the DEFENDANT, KATHLEEN D. ELA, and has in his hands, possession, or control salary or wages which are NOT EXEMPT under the laws of Florida."  *Id*. at 2.  Plaintiff has attached a Continuing Writ of Garnishment (For Salary or Wages).  Doc. 252-1 (Continuing Writ).  The Continuing Writ identifies the "Orange County Sheriff Office" as garnishee (the Garnishee) and states that "[t]he total amount of the final

---

[1] The amount includes $15,379 for attorney fees, $4,227.44 in costs, and $2,500 in liquidated damages.  Doc. 223 at 4.

[2] The Court denied Plaintiff's first motion for writ of garnishment pursuant to Local Rule 2.02(b)(2) and second motion for writ of garnishment pursuant to Local Rule 3.01(a).  Docs. 242, 250.

judgment outstanding as set out in the Plaintiff's motion is $22,106.44." *Id*. at 2.  Plaintiff has also

attached to the Motion a "NOTICE Federal Wage Garnishment Law." *Id*. at 3-9.

In satisfaction of the debt, Plaintiff may petition the Court for a continuing writ of

garnishment issued to Defendant Ela's employer and against salary or wages.  *Commc'n Ctr, Inc.*

*v. Komatsu.*, 2008 WL 114920, at *1 (citing FLA. STAT. § 77.0305).  The Florida Statute provides

in part that,

> Notwithstanding any other provision of this chapter, if salary or wages are to be
> garnished to satisfy a judgment, the court shall issue a continuing writ of
> garnishment to the judgment debtor's employer which provides for the periodic
> payment of a portion of the salary or wages of the judgment debtor as the salary or
> wages become due until the judgment is satisfied or until otherwise provided by
> court order.

Fla. Stat. § 77.0305.  Plaintiff requests garnishment of no more than 25% of Defendant Ela's

disposable earnings. Doc. 252-1 at 1.  This percentage is consistent with the provisions of

the Consumer Credit Protection Act.  *See* 15 U.S.C. §§ 1671-1673.  Therefore, the Motion is due

to be granted.

Further, continuing writs of garnishment on wages are subject to the federal Consumer

Credit Protection Act as well as various state statutory exemptions.  *See* Fla. Stat. § 222.11.  As

the debtor, Defendant Ela carries the burden of establishing entitlement to an exemption.  *Brandt*

*v. Magnificent Quality Florals Corp.*, 2013 WL 1289259, at * (S.D. Fla. Mar. 28, 2013) (citing *In*

*re*: Parker, 147 B.R. 810, 812 (M.D. Fla. 1992)). In order to meet this burden, Florida law requires

that Defendant Ela be given notice that the writ of garnishment has been issued.  *See* Fla. Stat. §

77.041.

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 252) is **GRANTED**;

2. the Clerk of Court is directed to issue the Continuing Writ (Doc. 252-1);

3. the Clerk of Court is directed to attach to the Continuing Writ a notice to Defendant Ela that complies with Fla. Stat. § 77.041;

4. upon the Clerk of Court's issuance of the Continuing Writ, Plaintiff is directed to mail copies of the Continuing Writ, a copy of the Motion requesting the writ (Doc. 252), and the notice to Defendant Ela's last known address, pursuant to Fla. Stat. § 77.041(2).

**DONE AND ORDERED** in Orlando, Florida on April 21, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties