UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THERESA ANN ELA,

        Plaintiff,

v.                                                                                 Case No: 6:13-cv-491-JA-DCI

KATHLEEN DESTEFANO et al.,

        Defendants.

ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Writ of Garnishment (Doc. 276)
>
> **FILED:** July 10, 2023
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.    Background and Procedural History**

Plaintiff sued Kathleen Ela aka Kathleen Destefano (Destefano), an Orange County Sheriff's Deputy, for improperly accessing and viewing her private information on Florida driver's license databases. Following a jury trial, the Court granted Plaintiff's motion for judgment as a matter of law and held Destefano liable under the Driver's Privacy Protection Act. The Court awarded liquidated damages and attorney fees.

Following an appeal, the Court entered an Order dated March 27, 2018, and awarded Plaintiff attorney fees in the amount of $24,085.70 and litigation expenses and costs in the amount

of $4,277.44. Doc. 234 at 4. The Court directed the Clerk of Court to enter judgment in Plaintiff's favor in that amount. *Id*. Judgment was entered. Doc. 235.

By Order dated April 21, 2023, the undersigned granted Plaintiff's Motion for Writ of Garnishment and directed the Clerk to issue the Continuing Writ. Doc. 254. On May 16, 2023, the Garnishee, Orange County Sheriff's Office, filed its Answer. Doc. 259. On April 27, 2023, Destefano filed a Claim of Exemption and Request for Hearing pursuant to Florida Statutes section 77.041 and claimed exemptions from garnishment as a head of household who provides more than one-half of the support for a child or other dependent with net earnings of more than $750.00 per week. Doc. 256. Plaintiff filed an unsworn Notice of Objection to the Claim of Exemption and requested that the Court set a hearing on the Objection. Doc. 257. Destefano subsequently filed a Motion to Dissolve the Writ pursuant to Federal Rule of Civil Procedure 69. Doc. 263. Plaintiff filed a Response in Opposition to the Motion to Dissolve, a Motion for Continuing Garnishment, and a Motion for Final Judgment in Continuing Garnishment. Docs. 265, 269, 270.

By Order dated August 28, 2023, the Court adopted the undersigned's recommendation that the Motion to Dissolve be granted in part to the extent that the writ be dissolved[1] and denied without prejudice Plaintiff's Motion for Continuing Garnishment and Motion for Final Judgment in Continuing Garnishment. Doc. 278.

Pending before the Court is Plaintiff's Motion for Writ of Garnishment. Doc. 276 (the Motion). The Motion has been referred and is due to be granted.

---

[1] The undersigned recommended that Destefano's request to dissolve be granted because Plaintiff did not comply with section 77.041(3) as Plaintiff's objection to Destefano's claim for exemption was unsworn. Doc. 274 at 3-4.

## II.     Discussion

Plaintiff moves for a writ of garnishment against Destefano's salary or wages pursuant to Florida Statutes section 77.0305.  Doc. 276.  Plaintiff "suggest[s] that the GARNISHEE, ORANGE COUNTY SHERIFF OFFICE, is the EMPLOYER of the DEFENDANT, KATHLEEN D. ELA, and has in his hands, possession, or control salary or wages which are NOT EXEMPT under the laws of Florida." *Id*. at 2.  Plaintiff has attached a Continuing Writ of Garnishment (For Salary or Wages). Doc. 276-1.  The Continuing Writ identifies the "Orange County Sheriff Office" as garnishee (the Garnishee) and states that "[t]he total amount of the Final Judgment outstanding as set out in the Plaintiff's motion is $28,363.14". *Id*. at 2.  Plaintiff has also attached to the Motion a "NOTICE Federal Wage Garnishment Law." *Id*. at 3-9.

In satisfaction of the debt, Plaintiff may petition the Court for a continuing writ of garnishment issued to Destefano's employer and against salary or wages. *Commc'n Ctr, Inc. v. Komatsu.*, 2008 WL 114920, at *1 (citing FLA. STAT. § 77.0305).  The Florida Statute provides in part that,

> Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.

Fla. Stat. § 77.0305.  Plaintiff requests garnishment of no more than 25% of Destefano's disposable earnings. Doc. 276-1 at 1.  This percentage is consistent with the provisions of the Consumer Credit Protection Act.  *See* 15 U.S.C. §§ 1671-1673.  Therefore, the Motion is due to be granted.

Further, continuing writs of garnishment on wages are subject to the federal Consumer Credit Protection Act as well as various state statutory exemptions. *See* Fla. Stat. § 222.11.  As the debtor, Destefano carries the burden of establishing entitlement to an exemption. *Brandt v.*

*Magnificent Quality Florals Corp.*, 2013 WL 1289259, at * (S.D. Fla. Mar. 28, 2013) (citing *In re*: Parker, 147 B.R. 810, 812 (M.D. Fla. 1992)).  To meet this burden, Florida law requires that Destefano be given notice that the writ of garnishment has been issued.  *See* Fla. Stat. § 77.041.

### III.   Conclusion

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 276) is **GRANTED**;

2. the Clerk of Court is directed to issue the Continuing Writ (Doc. 276-1);

3. the Clerk of Court is directed to attach to the Continuing Writ a notice to Destefano that complies with Fla. Stat. § 77.041; and

4. upon the Clerk of Court's issuance of the Continuing Writ, Plaintiff is directed to mail copies of the Continuing Writ, a copy of the Motion requesting the writ (Doc. 276), and the notice to Destefano's last known address, pursuant to Fla. Stat. § 77.041(2).

**ORDERED** in Orlando, Florida on September 6, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties